UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESUS ENRIQUE URIBE BLANCO,<br>Petitioner,<br>v.<br>WARDEN NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER, et al.,<br>Respondents. | Case No. 2:26-cv-03938-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Jesus Enrique Uribe Blanco is a Venezuelan citizen who was paroled into the United States on October 27, 2024. Dkt. 7-1 at 2–3. That parole expired on April 24, 2026. Dkt. 8 ¶ 4. On May 19, 2026, Immigration and Customs Enforcement officers arrested Petitioner in Utah and transferred him to the Purgatory Correctional Facility, also known as the Washington County Jail, in Hurricane, Utah. Dkt. 7-3 at 4–5; Dkt. 7-4; Dkt. 8 ¶ 6. One week later, he was transferred to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"), where he remains detained. Dkt. 8 ¶ 7.

On May 20—six days before he arrived at NWIPC—Petitioner filed a petition for writ of habeas corpus in the District of Utah. Dkt. 7-9 at 4. On June 16, U.S. District Judge Ann Marie McIff Allen denied the petition, reasoning that Petitioner was lawfully subject to mandatory detention under 8 U.S.C. § 1225(b) and that he had failed to raise a successful due process claim. *Id.* at 9–22. On July 27, an Immigration Judge ("IJ") ordered Petitioner removed to Venezuela. Dkt. 7-8. Petitioner appealed that order to the Board of Immigration Appeals ("BIA"), which has not yet issued a ruling. Dkt. 3-4 at 2; Dkt. 8 ¶ 9.

On October 20, Petitioner filed a habeas petition in this Court, arguing that his prolonged detention without a bond hearing violates this due process rights. Dkt. 3. On November 3, Federal Respondents filed a return. Dkt. 6. Petitioner filed a traverse one week later. Dkt. 9.

The habeas petition is now ripe for the Court's review. Because Petitioner has been detained, first at a jail and then at NWIPC, for over six months and has a pending appeal before the BIA, the Court GRANTS the petition and ORDERS Respondents to provide Petitioner a bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

The Court agrees with Judge Allen and Federal Respondents that Petitioner's detention is governed by 8 U.S.C. § 1225(b).[1] *See* Dkt. 6 at 2–4, 6; Dkt. 7-9 at 9–19. Because Petitioner is detained under that provision, the Court analyzes the constitutionality of his prolonged detention under the six-factor test articulated in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019). *See Toktosunov v. Wamsley*, No. 2:25-CV-1724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) (applying *Banda* to a prolonged detention claim in light of the fact that "[n]either the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention"). Under *Banda*, the Court considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

385 F. Supp. 3d at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). If, on balance, these factors weigh in Petitioner's favor, he is entitled to a bond hearing before an IJ. *See id.* at 1120.

---

[1] In the traverse, Petitioner argues for the first time that he is subject to discretionary detention under 8 U.S.C. § 1226(a). Dkt. 9 at 1–4. "A Traverse is not the proper pleading to raise additional grounds for relief," which "should be presented in an amended petition or . . . in a statement of additional grounds." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Because Petitioner has not appealed Judge Allen's ruling to the Tenth Circuit and does not challenge that prior custody determination in this habeas petition, *see* Dkt. 3-5 at 1, the Court declines to consider this argument. *See Moore v. McVay*, No. 22-CV-02747-JST, 2023 WL 2541328, at *4 (N.D. Cal. Mar. 15, 2023) (noting that "a district court 'has discretion, but is not required to' consider evidence and claims raised for the first time after the filing of the petition . . . includ[ing] new claims raised by a petitioner in the traverse" (quoting *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002))).

The first factor is the "most important" of the six. *Id.* at 1118. As of the date of this Order, Petitioner has been in immigration detention for just over six months, a period that courts in this district have previously concluded is unreasonably prolonged. *See, e.g.*, *Singh v. Warden, Nw. Ice Processing Ctr.*, No. 2:26-CV-03679-TL, 2026 WL 3465664, at *2 (W.D. Wash. Nov. 13, 2026); *Singh v. Scott*, No. 2:26-CV-03278-TL, 2026 WL 3319507, at *2 (W.D. Wash. Nov. 3, 2026); *Solis Duran v. ICE Field Off. Dir.*, No. C26-1824JLR, 2026 WL 2225424, at *3 (W.D. Wash. Aug. 3, 2026); *Haidari v. Scott*, No. 2:26-CV-01146-TL, 2026 WL 1194634, at *1–2 (W.D. Wash. May 1, 2026). This factor favors Petitioner.

The second factor also favors Petitioner: where, as here, a detainee has appealed a removal order to the BIA, the possibility of a lengthy appellate process portends months or even years of continued detention. *Banda*, 385 F. Supp. 3d at 1119; *Singh v. Warden, Nw. ICE Processing Ctr.*, No. 2:26-CV-03923-TMC, 2026 WL 3320003, at *2 (W.D. Wash. Nov. 3, 2026).

The third factor favors a detainee where the conditions of detention "resemble penal confinement." *Banda*, 385 F. Supp. 3d at 1119. Here, Petitioner was first detained in a county jail before being transferred to NWIPC, where the conditions are like "those in many prisons and jails." *Rahmani v. Bondi*, No. C26-362-KKE, 2026 WL 638364, at *5 (W.D. Wash. Mar. 6, 2026) (quoting *Maliwat*, 2025 WL 2256711, at *6). This factor favors Petitioner.

The Court analyzes the fourth and fifth factors, which consider the delays caused by the parties, together. *See Maliwat*, 2025 WL 2256711, at *6–7. The record before the Court does not contain any evidence that either Petitioner or Respondents caused any unreasonable or unwarranted delay in Petitioner's removal proceedings. These two factors are thus neutral.

As for the sixth factor, Petitioner has appealed the IJ's removal order, "and the Court does not have sufficient information to determine whether the appeal is nonfrivolous or whether

petitioner ultimately will prevail." *Banda*, 385 F. Supp. 3d at 1120. Because the Court "declines to opine on the potential merits of petitioner's claims and defenses in his removal proceedings or on the outcome of any appeal to the BIA, or any potential subsequent appeal to the Ninth Circuit," the Court considers this factor neutral. *Joshi v. Wamsley*, No. 2:26-CV-00148-TLF, 2026 WL 456822, at *7 (W.D. Wash. Feb. 18, 2026).

With three factors—including the most important—weighing in Petitioner's favor, and three factors favoring neither party, the Court concludes that Petitioner's detention has become unconstitutionally prolonged, and he is entitled to a bond hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 3) is GRANTED.

2. Within 14 days of the date of this Order, Respondents must either release Petitioner Jesus Enrique Uribe Blanco or provide him an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)—there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

3. Nothing in this Order prevents an Immigration Judge from granting a continuance in Petitioner's bond proceedings at his request.

4. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of November, 2026.

Tiffany M. Cartwright
United States District Judge